Martimiano **FELIX;** Nidia I. Perez–Valenzuela; Jose L. Perez–Valenzuela; Rosa Y. Valenzuela, Petitioners,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 02–71713.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 30, 2004.

Walter Rafael Pineda, Esq., Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., James R. Grimes, Esq., Mark C. Walters, Esq., Patrick Shen, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**556**

MEMORANDUM \*\*

Martimiano Felix, his wife, Nidia I. Perez–Valenzuela, and their two children, Jose L. Perez–Valenzuela and Rosa Y. Valenzuela ("Petitioners"), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's order denying their motion to terminate removal proceedings and institute deportation proceedings. We have jurisdiction to review Petitioners' due process contentions, and we review de novo. *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002). We deny the petition.

Petitioners' first contention, that the BIA's decision "without opinion" violates due process, is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

Petitioners next contend that they had "settled expectations" that the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") would apply to them because they applied for asylum prior to the effective date of the permanent rules of the IIRIRA. This contention is foreclosed by *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1108 (9th Cir.2003), which held that a petitioner does not have a settled expectation of being placed in removal proceedings.

Finally, Petitioners' contention that the IIRIRA violates due process also lacks merit. *See id.* at 1108–09.

The Clerk is directed to stay the mandate pending the resolution of *Desta v.*

*Ashcroft*, No. 03–70477, and further order of this Court.

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

